Matter of Costello (2021 NY Slip Op 04547)





Matter of Costello


2021 NY Slip Op 04547


Decided on July 28, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
MARK C. DILLON
CHERYL E. CHAMBERS
LEONARD B. AUSTIN, JJ.


2021-01900

[*1]In the Matter of Joseph George Costello, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Joseph George Costello, respondent. (Attorney Registration No. 1444199)



APPLICATION pursuant to 22 NYCRR 1240.10 by Joseph George Costello, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 25, 1959, to resign as an attorney and counselor-at-law. In a separate proceeding under Appellate Division Docket No. 2016-07639, by opinion and order of this Court dated June 5, 2019, the respondent was suspended from the practice of law for a period of one year, commencing July 5, 2019 (Matter of Costello, 174 AD3d 34).



Diana Maxfield Kearse, Brooklyn, NY, for petitioner.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Mark A. Longo of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The respondent, Joseph George Costello, has submitted an affidavit sworn to on February 15, 2021, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10).
The respondent acknowledges in his affidavit that he is currently the subject of an investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, which stemmed from a client complaint, and that the allegations include at least the following acts of professional misconduct: neglect; failure to safeguard funds held as a fiduciary on behalf of an estate, including at least an approximate $170,000 shortfall in the estate account; and the disbursement of at least one check from the estate account in his capacity as an attorney, after the effective date of his one-year suspension. He attests that he cannot successfully defend against these allegations.
The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent provided proof that he paid back the $170,000 shortfall in the estate account. Further, the respondent acknowledges that his resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the [*2]Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., MASTRO, DILLON, CHAMBERS and AUSTIN, JJ., concur.
ORDERED that the application of the respondent, Joseph George Costello, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph George Costello, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Joseph George Costello, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph George Costello, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Joseph George Costello, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court